**WORLDWIDE RV SALES & SERVICE, INC., Appellant (Defendant Below),**

v.

**Eugene W. BROOKS, Appellee (Plaintiff Below).**

No. 20A03–8810–CV–308.

Court of Appeals of Indiana, Third District.

March 7, 1989.

William J. Nye, Elkhart, for appellant.

Eugene W. Brooks, Prudenville, pro se.

STATON, Judge.

Worldwide RV appeals a judgment in favor of Eugene W. Brooks for $1,650.00. On appeal Worldwide raises two issues:

1) Whether Worldwide made a timely offer to substitute conforming goods after its original tender had been rejected?

2) Whether Worldwide cured improper tender of delivery?

Affirmed.

On February 17, 1987, Brooks agreed to purchase a motorhome from Worldwide for $39,000.00; he made a $1,500.00 deposit on the unit. Worldwide sent Brooks a confirmation letter which stated that the motorhome was to have "dual roof air conditioning". R. 79. The parties agreed that Brooks would pick up the motorhome on March 5, 1987, and pay the balance due Worldwide at that time. When Brooks arrived to pick up his motorhome he discovered that it had only one roof air conditioner and Brooks refused to accept the unit. When it became apparent to Brooks that Worldwide was not going to refund his deposit he initiated this action.

## I.

*Right to Cure*

This matter falls under the Uniform Commercial Code Sales, IND.CODE 26–1–2–101 et seq. Worldwide argues that IND.CODE 26–1–2–508 entitled it to cure

the problem and prevent cancellation of the contract. That section states that:

(1) Where any tender or delivery by the seller is rejected because non-conforming and the time for performance has not yet expired, the seller may seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery.

(2) Where the buyer rejects a non-conforming tender which the seller had reasonable grounds to believe would be acceptable with or without money allowance the seller may if he seasonably notifies the buyer have a further reasonable time to substitute a conforming tender.

Worldwide claims that on the same day Brooks rejected[1] the motorhome Worldwide offered to install a second roof air conditioner at no extra charge. Our examination of the record reveals that Worldwide's representative asked if the deal could be saved if they installed a second roof air conditioner. This "offer to cure" was accompanied with the warning that this alteration would result in a hole in the center of the motorhome.[2] To benefit from the remedial effect of IC 26–1–2–508 the seller must "make a conforming delivery" or "substitute a conforming tender". Worldwide did not fulfill this statutory requirement.

## II.

### *Tender of Goods*

Worldwide's brief states that Worldwide tendered conforming goods on the same day Brooks rejected them. The facts do not substantiate this claim. IND.CODE 26–1–2–503 states in pertinent part that "[t]ender of delivery requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery." We have already

determined that Brooks rejected the goods because they were non-conforming and that Worldwide's offer to cure was inadequate.

AFFIRMED.

GARRARD, P.J., and SULLIVAN, J., concur.

---

1. Brooks' refusal to take the motorhome was proper. IND.CODE 26–1–2–601 states in pertinent part that "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may: (a) reject the whole . . .".

2. It appears from the record that Brooks wanted one roof air conditioning unit near the front of the vehicle and one near the back. Instead there was one air conditioning unit in the center of the vehicle. Apparently Worldwide's offer to cure consisted of installing a front and back unit and removing the center one, leaving a hole in the roof.